DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

SHAILIKA S. KOTIYA (CABN 308758)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    FAX: (415) 436-7234
    Shailika.kotiya@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. CR 19-00054-003 RS |
|---|---|---|
| Plaintiff, | ) ) ) | UNITED STATES' SENTENCING MEMORANDUM |
| v. | ) ) | |
| MANUEL ISLAS, | ) ) | Date:  October 21, 2021 |
| Defendant. | ) ) ) | Time: 11:00 a.m. Hon. Richard Seeborg |

## I.    INTRODUCTION

From February to November 2018, Manuel Islas was involved in a conspiracy with Emanuel Rivera and others to distribute methamphetamine and cocaine. His role was to deliver the drugs to Rivera's customers at Rivera's direction, in exchange for payment. In his plea agreement, Islas admits and accepts responsibility for delivering a kilogram of methamphetamine to an undercover law enforcement officer in February 2018, and for delivering a kilogram of cocaine to Ernesto Salak, one of Rivera's customers, in November, 2018. In addition to this charged and admitted conduct, Probation's Presentence Investigation Report details the defendant's own admissions that he delivered drugs on various other occasions in December 2018 and January 2019 for payment.

Islas pled guilty to three counts of the Indictment, including Count Two that carries a 120-month mandatory minimum sentence. Because Islas is safety-valve eligible and truthfully debriefed with the government, he is not subject to that mandatory minimum. The parties and Probation are in agreement that the Total Offense Level is 27, Criminal History Category is I, yielding an advisory Guidelines range of 70-87 months' imprisonment. Probation recommends a variance to 24 months imprisonment, and the defendant requests 12 months and one day of imprisonment. The government respectfully submits this sentencing memorandum discussing the 3553(a) factors and leaves the final determination of an appropriate sentence with the Court.

## II. DISCUSSION

The Court must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, deter others from committing similar crimes, protect the public from the defendant, and rehabilitate the defendant. 18 U.S.C. § 3553(a)(2); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The statute sets forth several factors that the Court must consider in determining a just sentence: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the purposes of sentencing; (3) the kinds of sentences available; (4) the Guidelines range for sentences; (5) any pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *Carty*, 520 F.3d at 991. A sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment to the offender, deter the defendant and others from committing similar crimes in the future and protect the community from future crimes of the defendant. 18 U.S.C. § 3553(a)(2). The Guidelines should be the starting point and the initial benchmark. *Gall v. United States*, 552 U.S. 38, 49 (2007). Though the guidelines are not binding, they "reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007).

By his own admissions, Manuel Islas was involved in a sizable drug conspiracy for approximately one year – although it does appear that his role was limited to transporting drugs for Emanuel Rivera at Rivera's direction. Islas delivered high-quality methamphetamine that is highly addictive and destructive. "The consequences of methamphetamine abuse are terrible for the individual – psychologically, medically, and socially." Nat'l Inst. on Drug Abuse, "Methamphetamine Abuse and

Addiction," Nat'l Inst. of Heath Pub. 13-4210 (rev. Sept. 2013) at 1.[1]  Methamphetamine can cause memory loss, aggression, psychotic behavior, cardiovascular damage, malnutrition and severe dental problems from the dry mouth and bruxism that commonly accompany its use.  *Id.*  "Beyond its devastating effects on individual health, methamphetamine abuse threatens whole communities, causing new waves of crime, unemployment, child neglect or abuse and other social ills." *Id.*  Though meth use is on the decline nationally, it remains a significant problem in Northern California.

The Court must consider the purposes of sentencing here – including both punishment and deterrence.  The defendant's conduct compromised the health and safety of the community, and presented a danger that must be prevented.  On the other hand, the defendant's did not have full visibility into this conspiracy and would deliver drugs for approximately $200 fees.  In addition, Islas quickly accepted responsibility for his criminal conduct in an interview with law enforcement officers immediately after his arrest. He swiftly safety valve proffered with the government where he fully admitted to his criminal conduct, including conduct beyond that which the government was able to charge in the Indictment.  In considering the purposes at sentencing, the defendant's quick and fulsome admission of his criminal behavior opened the door to his rehabilitation, and affects what sentence is necessary in terms of deterring future criminal conduct by this defendant.

### III.     CONCLUSION

The government asks to Court to impose a sentence it deems sufficient, and not greater than necessary, to achieve the goals of 18 U.S.C. § 3553(a), and recommends the Court also impose three years of supervised release, no fine, and a $300 special assessment.

DATED: October 14, 2020                                     Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
SHAILIKA S. KOTIYA
Assistant United States Attorney

---

[1] This report is available at https://www.drugabuse.gov/publications/research-reports/methamphetamine/letter-director, and the tabs associated with it (last visited Dec. 11, 2018).

U.S. SENTENCING MEMO.                                  3
CR 16-0124 LHK