STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROSS WEINGARTEN (NYBN 5236401)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Ross.weingarten@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MANUEL ISLAS, <br><br> Defendant. | CASE NO. CR 19-00054-3 RS <br><br> UNITED STATES'S OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE FROM CUSTODY |

Defendant Manuel Islas is currently serving a 14-month sentence for his conviction of crimes related to narcotics trafficking, at Atwater U.S. Penitentiary, with an anticipated release date of January 14, 2022.  He seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Dkt. No. 270.  The government opposes Defendant's motion.

**BACKGROUND**

Defendant was charged with violations of 21 U.S.C. §§ 846 and 841 (conspiracy to distribute and distribution of narcotics).  Dkt. # 1.  The defendant was not detained pretrial.

On August 27, 2019, Defendant was convicted by guilty plea pursuant to Rule 11(c)(1)(B) of Counts One, Two, and Five of the Indictment charging him with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (Count One); Distribution and Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Count Two); and Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or More of Cocaine (Count Three).  Dkt. No. 70. Defendant's plea agreement waived his right to move for relief under 18 U.S.C. § 3582, *see* Paragraph 5.[1]  Defendant's conviction was based on his participation in a long-running conspiracy with his codefendants to distribute methamphetamine and cocaine.  The defendant was a courier for the narcotics conspiracy, delivering pound or kilogram-quantities of narcotics to customers.

On October 21, 2020, this Court sentenced Defendant to 14 months of custody to be followed by three years of supervised release.  This Court ordered Defendant to self-surrender on January 21, 2021, which he did.  Defendant is presently serving his sentence at Atwater USP in California, with a projected release date of January 14, 2021.  *See* http:bop.gov/inmateloc.

Defendant is presently 35 years old.  The U.S. Probation Office's Presentence Investigation Report noted that Defendant had no health conditions, and defendant does not argue in his Motion for Compassionate Release (hereinafter, "Def.'s Mot.") that he has any health conditions that would make him especially vulnerable to the COVID-19 virus.  According to the defendant, he was vaccinated for

---

[1] The government, however, does not invoke the § 3582 waiver as a basis to deny this motion.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

1

Covid in April 2021 while in custody after contracting the COVID-19 virus and recovering. Therefore, the defendant has not presented extraordinary and compelling reasons for this Court to grant his Motion.

Defendant provided to a letter from the Warden of the BOP facility where he is incarcerated rejecting his administrative request for compassionate release. Therefore, the government agrees that Defendant has exhausted his administrative remedies.

## ARGUMENT

### I. DEFENDANT HAS ADMINISTRATIVELY EXHAUSTED

Because Defendant has exhausted the statutory prerequisites for seeking judicial relief, this Court may consider Defendant's motion. Defendant submitted a letter to the warden at Atwater USP on April 20, 2021 requesting his compassionate release, which was rejected; thus this Court may review Defendant's motion on the merits.

### II. REDUCTION OF DEFENDANT'S SENTENCE IS NOT WARRANTED

Although the COVID-19 pandemic is an extraordinary world event, Defendant has failed to show that that its impact on him, specifically, warrants his immediate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has received both doses of the COVID-19 vaccine and he is not suffering from a medical condition that the CDC has identified as particularly at risk for severe symptoms if he were to contract COVID-19. His Motion amounts to an argument that he is scheduled to be released from custody soon, and thus he should be released now because of the presence of the COVID-19 pandemic. Finally, re-balancing the Section 3553(a) factors does not indicate the defendant should be released immediately as he seeks.

#### A. Applicable law

This Court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court "finds that" either "extraordinary and compelling reasons warrant such a reduction," or the defendant is at least 70 years old and has served at least 30 years in prison, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See, e.g.*, *United States v. Reid*, No. 17-cr-00175-CRB-1, 2020 WL 2128855, at *1–2 (N.D. Cal. May 5, 2020); *United States v.*

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

2

*Robinson*, No. 18-CR-00597 RS, 2020 WL 1982872, at *2 (N.D. Cal. Apr. 27, 2020). United States Sentencing Guidelines (USSG) § 1B1.13 sets forth a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."

The Ninth Circuit recently held, in line with every circuit to have considered the issue, that USSG § 1B1.13 is not an "applicable" policy statement within the meaning of Section 3582(c)(1)(A) for motions filed by a defendant, rather than the Director of BOP. *United States v. Aruda*, --- F.3d ---, No. 20-10245, 2021 WL 1307884, at *2–4 (9th Cir. Apr. 8, 2021) (citing other circuit opinions as persuasive).[2] However, the Court also held that "U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant[.]" *Id.* at *4. Courts, including in this district, have concluded that—even if not binding—the policy statement "establish[es] helpful objective guideposts for evaluating whether a defendant should be granted compassionate release under § 3582(c)(1)(A)." *United States v. Rekhi*, No. 19-CR-00180-CRB-1, 2021 WL 411376, at *3 (N.D. Cal. Feb. 4, 2021); *United States v. Burrill*, 445 F. Supp. 3d 22, 24–25 n.2 (N.D. Cal. 2020); *see also United States v. McGee*, --- F.3d ---, No. 20-5047, 2021 WL 1168980, at *8 (10th Cir. Mar. 29, 2021) ("[W]e conclude that Congress . . . intend[ed] for the Sentencing Commission to . . . describe those characteristic or significant qualities or features that typically constitute 'extraordinary and compelling reasons,' and for those guideposts . . . to be considered by district courts[.]"); *United States v. Gunn*, 980 F.3d 1178, 1179–81 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). And regardless of the policy statement, Congress has explicitly stated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

As a permissible source to "inform" this Court's discretion under *Aruda*, USSG § 1B1.13 describes "extraordinary and compelling reasons" to include: (1) medical conditions which diminish the

---

[2]  The government hereby preserves its argument that the policy statement is binding and *Aruda* was wrongly decided.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

3

ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, or (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories as determined by the BOP Director. USSG § 1B1.13, cmt. n.1. It also advises that relief not be granted for a defendant who poses "a danger to the safety of any other person or to the community." USSG § 1B1.13(2). As one court in this district noted—regardless of whether the policy statement is binding—these categories "are sensible." *Rekhi*, 2021 WL 411376, at *2–3.

Defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release to be granted. *See United States v. Shabudin*, No. 11-CR-00664-JSW-1, Dkt. 571 (N.D. Cal. May 12, 2020); *United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)). Even absent a binding policy statement in the Guidelines, the statute requires that a defendant show "exceptional and compelling" reasons for a sentence reduction—a separate textual point than the analysis under Section 3553(a), indicating that Congress did not view every inmate who could successfully articulate the need for a rebalanced Section 3553(a) analysis as meriting relief under the statute. Instead, a defendant must make a separate showing of "exceptional and compelling" reasons meriting sentence modification.

The existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not by itself meet such a standard. Indeed, looking to the policy statement for guidance even if not binding, it is clear that "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. §1B1.13." *Eberhart*, 448 F. Supp. 3d at 1090; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

4

  Nor would a defendant's chronic but manageable underlying medical condition, alone, constitute "extraordinary and compelling" circumstances. *See United States v. Arceo*, No. 09-CR-00616-EJD-1, 2020 WL 2614873, at *2 (N.D. Cal. May 22, 2020) ("[T]he mere fact that Defendant suffers from chronic conditions is insufficient [for compassionate release]."). Indeed, before the outbreak of COVID-19, district courts addressing § 3582(c)(1)(A) claims routinely noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). Compassionate release is "rare" and "extraordinary" and courts routinely deny such claims. *See Arceo*, 2020 WL 2614873, at *2 (noting compassionate release is rare); *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event." (citation omitted)).

  But the combination of an inmate's chronic medical condition and the risk of contracting COVID-19 in a custodial setting may constitute an extraordinary and compelling reason to grant a motion under 18 U.S.C. § 3582(c)(1)(A), where COVID-19 and an inmate's medical condition would not individually suffice. If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[3] that condition—in combination with the likelihood that a defendant may contract COVID-19 while incarcerated and suffer severe symptoms as a result—may constitute a "serious" medical condition "from which [the defendant] is not expected to recover," which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." USSG § 1B1.13 cmt. n.1(A)(ii)(I). Such a definition, though not binding here, can help inform the Court's exercise of discretion in evaluating the Defendant's motion.

---

[3] *See* Centers for Disease Control, *At Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

5

### B. Defendant has not presented extraordinary and compelling reasons warranting his release

Here, the defendant presents no risk factors that would make him especially vulnerable to the COVID-19 virus. He is a young man, only 35 years old, and he does not argue that he has any medical conditions that make him at heightened risk of serious illness or death from COVID-19. That is particularly true because he has been vaccinated. Therefore, he does not present an "extraordinary and compelling reason" for release.

Defendant has been fully vaccinated for COVID-19, having received the COVID-19 vaccine in April 2021 after contracting the virus. An inmate who has been vaccinated is no longer presenting an "extraordinary and compelling" reason for release merely by pointing to the existence of COVID-19. Indeed, although only informative rather than binding, the guideline policy statement provides for consideration of compassionate release where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 app. note 1(A)(ii). The government acknowledges that an inmate who presents a risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19 presents such a condition, because due to his or her condition the defendant may be less able to protect himself or herself against an unfavorable outcome from the disease.

That circumstance does not exist in this case. Defendant has exercised "self-care" against the virus, and no longer presents any extraordinary and compelling reason allowing compassionate release. *See*, *e.g.*, *United States v. Wallace*, No. 17-CR-00260-BLF, Dkt. 58 (N.D. Cal. Mar. 9, 2021); *United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials. . . . Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (relief is denied in light of administration of first dose of the Pfizer-BioNTech vaccine).

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

While Defendant implicitly argues that the vaccines may not be 100% effective, that they were not tested in a congregate setting, that they may not be effective for all individuals, and that variants may emerge that bypass the vaccines, courts have almost uniformly rejected these arguments. *See*, *e.g.*, *United States v. Rodriguez*, No. 15-CR-0254, 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021) ("[Defendant] argues that it is unclear how effective the Pfizer vaccine is, how long its effects will last, and whether it protects against the COVID variants, leaving a risk that he could still become seriously ill.  Although all evidence to date is that the Pfizer vaccine is very effective, no one claims that it is 100 percent effective, and thus there remains a small risk that [defendant] could be infected by COVID-19 and become seriously ill from that infection.  But *every* prisoner runs a small risk of *lots* of serious medical conditions (including COVID-19).  The small risk that [defendant] may contract COVID-19 and become seriously ill is simply too speculative to justify his release." (original emphasis)); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *3 (E.D. Mich. Mar. 9, 2021) (finding the potential that the Pfizer vaccine does not protect against variants inadequate to justify release); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) ("Although it is currently unknown how long immunity produced by vaccination lasts, based on evidence from clinic[al] trials, the Pfizer-BioNTech vaccine [the defendant] received was 95% effective at preventing COVID-19 illness.  The defendant has the burden to establish his entitlement to compassionate release.  He has not met that burden." (footnotes omitted)).

Accordingly, the prevailing view is that "absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021); *see also*, *e.g.*, *United States v. Kariblghossian*, No. 13-CR-318, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) ("Nonetheless, at this time, the available scientific evidence suggests that the Pfizer vaccine is highly effective against known variants of the SARS-COV-2 virus that causes COVID-19." (citing CDC studies)); *United States v. Brown*, No. 16-CR-436, 2021 WL 1154207, at *3 (S.D.N.Y. Mar. 26, 2021) (speculation about variants is insufficient); *United States v. Del Rosario Martinez*, No. 19-CR-5218, 2021 WL 956158, at

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

*3 n.10 (S.D. Cal. Mar. 10, 2021) ("[W]ith all due respect to [defense expert Dr. Tara Vijayan who provided declaration]'s expertise and experience, the Court declines to contribute in any fashion to public skepticism regarding the safety and efficacy of the available COVID-19 vaccines or to second-guess the Food and Drug Administration's findings and decision to issue Emergency Use Authorizations for COVID-19 vaccines[.]").[4]

Therefore, this Court's assessment should be driven by the prevailing scientific view that vaccination makes extremely rare—and possibly eliminates entirely—the risk of severe disease from COVID-19.  As such, Defendant cannot demonstrate "extraordinary and compelling" circumstances warranting his early release under Section 3582(c)(1)(A).

Prior to his vaccination, Defendant tested positive for COVID-19.  Thankfully, he recovered.  Defendant moves for compassionate release because he does not want to become reinfected, despite having had the virus and having been vaccinated.  Yet, Defendant's arguments are built on faulty logic in light of his recent vaccination.  As such, Defendant does not meet his burden to show that extraordinary and compelling reasons justifying his release.

The science surrounding COVID-19 and the possibility of reinfection is still developing, but Defendant's recovery is an extremely positive sign.  Foremost, and most importantly, it means that he has endured the illness seemingly without substantial adverse health outcomes and has returned largely to his baseline health status.  So far, the CDC has determined that COVID-19 acts somewhat like other viruses, meaning reinfections are rare and "infrequent," and "the probability of [COVID-19] reinfection is expected to increase with time after recovery from initial infection because of waning immunity and the possibility of exposure to virus variants[,]" although again, the science is still developing on this particular coronavirus.[5]  In any event, the Court should reject Defendant's argument that risk of

---

[4]  It is possible that the scientific consensus may shift dramatically if vaccine-resistant variants emerge or the vaccines prove less efficacious than studies to date suggest.  If those possibilities materialize, nothing would prevent Defendant from filing another motion for compassionate release.

[5] *See, e.g.*, Centers for Disease Control, *Interim Guidance on Duration of Isolation and Precautions for Adults with COVID-19*, available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last updated Feb. 13, 2021) (indicating adults who test positive for COVID-19 may continue to have low levels of the virus in their bodies for up to three months).

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

8

reinfection warrants an early release from custody. Weighing the many other considerations at play, the Court should not find that the uncertain science of COVID-19 meets the statutory requirements for compassionate release.

### C. The remaining Section 3553(a) factors weigh against his release

Finally, the remaining factors under 18 U.S.C. § 3553(a) do not support defendant's requested release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Shayota*, No. 15-CR-00264-LHK-1, 2020 WL 2733993, at *5–7 (N.D. Cal. May 26, 2020) (denying compassionate release for defendant who served less than 6% of his custodial sentence based on analysis of Section 3553(a) factors); *United States v. Furaha*, 445 F. Supp. 3d 99, 103 (N.D. Cal. May 8, 2020) (denying compassionate release for defendant who served roughly 20% of his sentence based on analysis of Section 3553(a) factors). The Third Circuit has specifically held that length of time remaining on a defendant's sentence is an appropriate consideration for determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A). *United States v. Pawlowski*, 967 F.3d 327, 330–31 (3d Cir. 2020); *see also United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (holding the district court did not abuse its discretion in holding the § 3553(a) factors did not warrant release where defendant had served less than half his sentence, even though the defendant's medical condition qualified as an extraordinary and compelling circumstance).

Here, the government notes that Defendant has served a substantial portion of his sentence, has only a few months remaining on the sentence, and is eligible for release to a halfway house on October 19, 2021, approximately one month from now.

Defendant addresses none of the § 3553(a) factors in his motion. Those factors—which this Court already considered when imposing Defendant's sentence—do not support his request for premature, permanent release. The law, and the specific facts of defendant's case, neither demand nor endorse that result. He committed a serious crime—trafficking large, distribution quantities of dangerous drugs—and has served only nine months in custody. In this case, defendant already received a very lenient sentence from the Court. The parties agreed that the advisory Guidelines range in this case was 70-87 months. The Court sentenced the defendant to 14 months in custody. Granting

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

9

Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) would result in an effective sentence of just eight months, far below the applicable Guideline range; even lower than the sentence this Court previously imposed.

### III. IF THIS COURT MODIFIES DEFENDANT'S SENTENCE, IT SHOULD DO SO WITH APPROPRIATELY RESTRICTIVE CONDITIONS

If the Court is inclined to grant Defendant's motion for compassionate release, this Court should reduce Defendant's sentence to time served but substitute a term of probation or supervised release with a condition of home confinement for the duration of Defendant's current sentence of imprisonment (until January 14, 2022) to be followed by the term of supervised release with conditions as ordered by the Court at Defendant's original sentencing hearing. The Sixth Circuit recently noted that, while § 3582(c)(1)(A) does not authorize district courts to order defendants to serve their current sentences on home confinement, "if the district court reduces a defendant's sentence under § 3582(c)(1)(A) to time served, it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home." *United States v. Spencer*, __ F. App'x __, No. 20-3721, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) (citing 18 U.S.C. § 3853(d); USSG § 5F1.2). "Thus, with a few extra steps, a district court can craft a reduced sentence that, for all practical purposes, looks very much like ordering that the defendant be allowed to spend the remainder of his current sentence on home confinement." *Id.* (internal quotation omitted). But the appellate court cautioned that a district court may do so "only if it finds that the defendant meets the criteria set forth in § 3582(c)(1)(A) and USSG § 1B1.13." *Id.*

In order to minimize risks to public health, the government also respectfully requests that the Court (1) order any release only after Defendant's release and travel plans are in place, and set any release 14 days from the date of its order to accommodate BOP's ability to quarantine Defendant prior to his release to protect the community from potential further spread.

### CONCLUSION

Defendant has not presented evidence of a serious medical condition that substantially impairs his ability to provide self-care or any other extraordinary or compelling reason to warrant a reduced

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

10

sentence. He is fully vaccinated for COVID-19 and already contracted and recovered from the virus. Additionally, re-balancing the § 3553(a) factors does not warrant the reduction Defendant seeks. This Court should therefore deny Defendant's motion for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i).

DATED: September 17, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

   /s/
ROSS WEINGARTEN
Assistant United States Attorney

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY